Opinion by
White, P. J.
§ 266. Limitation; immigrant; debt not evidenced by writing. Article 3224 of the Revised Statutes provides that: “No demand against any person who shall hereafter remove to this state, incurred prior to his removal, shall be barred by the statute of limitations, until he shall have resided in this state for the space of twelve months.” In the preceding article (3223), actions against an immigrant, barred by limitation of''the country from which he emigrated, are expressly inhibited. But if the claim is barred by the limitations of this state, and the defendant has been a resident of this state for twelve months before the suit is brought, the action will be *202 barred, though it may not .be barred under the laws of the state from which he emigrated. [Thompson v. Berry, 26 Tex. 263.] Our statute of limitations bars actions for debt, where the indebtedness is not evidenced by a contract in writing, after the lapse of two years from the accrual of the cause of action. [E. S. art. 3203.] This suit was upon an account for an indebtedness incurred by the .defendant in the state of Alabama. ITe removed from that state to this, and had resided in this state more than one year prior to the institution of this suit, and the cause of action upon the indebtedness had accrued more than two years prior to the institution of the suit. Held, that the cause of action was barred by the statute of limitations of this state.
June 21, 1884.
Eeversed and remanded.